W. C. KELLUM v. THE STATE.

No. 11721. Delivered June 6, 1928.

The opinion states the case.

*S. W. Smith* of Desdemona, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—Appellant was charged under Art. 797a, P. C., with unlawfully driving an automobile equipped with a muffler cutout on a public highway, and a fine of $10.00 was assessed against him.

Appellant's testimony in substance showed that he was working for an automobile concern and that his duties consisted of selling gasoline, oil, spare parts, and bookkeeping for the firm, but that he had nothing to do with selling automobiles or taking in old ones; that the car in question had just been taken in by his employer and was an old car. He started to dinner on the day in question and observing this car in front of the garage, got in it to hurriedly ride to his noon luncheon, not knowing that a muffler cutout was on the car. He further testified that the car was old and worn and that the muffler accidentally jolted open and he immediately stopped and fixed it, going at once to the garage with it and taking it off.

Appellant claims this testimony raised the issue of a mistake of fact, which should have been presented to the jury. In other words, if appellant used the car under the circumstances mentioned without any knowledge that it was equipped with a cutout and under circumstances not showing a want of proper care on his part, his act would not be a violation of law. We think this constituted a defense and should have been submitted to the jury either in the form requested by appellant or some similar form. The evidence supported appellant's theory that his action in the matter was without any criminal intent and without any guilty knowledge and was under circumstances which would not impute to him a want of proper care in failing to ascertain the true facts. Authorities which support these views are as follows: Davies v. State, 98 Tex. Crim. Rep. 408; Stalling v. State, 90 Tex. Crim. Rep. 313; Vaughn v. State, 86 Tex. Crim. Rep. 255, and authorities collated under Article 41, defining mistake of fact, Vernon's Penal Code, Vol. 1, p. 41. The Court failed in any way to give a defensive charge for appellant and charged the jury to convict if appellant drove an automobile equipped with a cutout on a public highway, which amounted under the circumstances of this case to a peremptory instruction for the State.

Other points presented by appellant are believed to be without merit and are overruled.

For the error discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.